991 So.2d 175 (2008)
Terrance GUINN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00518-COA.
Court of Appeals of Mississippi.
April 15, 2008.
Rehearing Denied September 30, 2008.
Terrance Guinn (Pro Se), attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MYERS, P.J., IRVING and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On January 12, 2007, Terrance Guinn pleaded guilty in the Circuit Court of Claiborne County to possession of cocaine under Mississippi Code Annotated section 41-29-139 (Rev.2005). He was sentenced to three years in the custody of the Mississippi Department of Corrections. On February 20, 2007, Guinn filed a motion for post-conviction relief with the circuit court, claiming that the court lacked subject matter jurisdiction over his case. That motion was denied. Aggrieved, Guinn appeals. Finding no error, we affirm the judgment of the circuit court.

STANDARD OF REVIEW
¶ 2. We will not reverse the denial of a motion for post-conviction relief by a trial court absent a finding that the trial court's ruling was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567(¶ 8) (Miss.1999) (citing State v. Tokman, 564 So.2d 1339, 1341 (Miss.1990)).

DISCUSSION
¶ 3. Guinn asserts that the circuit court lacked subject matter jurisdiction over his case because section 41-29-139, which is part of Mississippi's version of the Uniform Controlled Substances Law, was never properly enacted by the Legislature. Guinn apparently believes that the Uniform Controlled Substances Law is federal administrative law, and that he was wrongly convicted under it by the circuit court. Unfortunately, Guinn is mistaken as to the nature and source of the Uniform Controlled Substances Law in this state.
¶ 4. Mississippi, like many other states, enacted the Uniform Controlled Substances *176 Law in order to "make, wherever possible, the law of Mississippi uniform with that of states having the same or similar laws." Miss.Code Ann. § 41-29-103 (Rev.2005). Although many states share the Uniform Controlled Substances Law, the law is not, and never was, federal law. Rather, each state which has enacted the Uniform Controlled Substances Law has made the law a part of their substantive body of statutory law. Such is the case in Mississippi, which enacted the Uniform Controlled Substances Law in 1971. Miss.Code. Ann. §§ 41-29-101 and 41-29-103 (Rev.2005); 1971 Miss. Laws ch. 521 § 2.
¶ 5. There is nothing to indicate that the passage of the Uniform Controlled Substances Law in this state was deficient. Finally, the record indicates that the circuit court properly informed Guinn of all his relevant rights and the possible penalties for entering a plea of guilty before allowing him to enter his plea. There is no evidence in the record that Guinn's plea was involuntary or that he received ineffective assistance of counsel during the course of the proceedings in the circuit court. Accordingly, we affirm the judgment of the circuit court denying Guinn's petition for post-conviction relief.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.